UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHAID KING JOHNSON,

      Petitioner,

   v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,
U.S. ATTORNEY GENERAL,

      Respondents,

Case No. 2:26-cv-2051-KCD-NPM

_____/

## <u>ORDER</u>

Petitioner Shaid King Johnson is a Jamaican citizen with pending removal proceedings. He was recently detained by U.S. Immigration and Customs Enforcement ("ICE"). He now seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) The Government opposes the petition. (Doc. 10.) For the reasons below, the petition is **DENIED**.

### I. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).

"Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## II. Discussion

Johnson's first two arguments are just general statements of the law. (Doc. 1 at 7.) He proclaims that this Court has subject-matter jurisdiction, and the due process clause applies to all persons in the United States. He is right on both accounts, but that does not show he is entitled to relief.

The first cognizable argument Johnson presses is that he is entitled to release under *Zadvydas v. Davis*, 533 U.S. 678 (2001). But *Zadvydas* addresses the detention of aliens with a final removal order. Johnson does not fall into that camp. As the Government correctly notes, his detention instead falls under 8 U.S.C. § 1226(a). And under § 1226, Johnson can seek a bond hearing. The problem is, he has not asked for one. The Court will not order the Government to provide a statutory mechanism that Johnson has not sought through the administrative process available to him.

Finally, Johnson claims a "procedural due process violation." (Doc. 1 at 8.) But it's not clear which process he failed to receive. Again, Johnson has not asked for the bond hearing he is entitled to. So the Government has not deprived him of anything at this point.

Johnson has failed to show that his detention is unlawful. Accordingly, the habeas petition (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions, and close the case.

**ORDERED** in Fort Myers, Florida on July 10, 2026.

Kyle C. Dudek
United States District Judge

3